DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Pheasant Run Association, Inc. ("Pheasant Run"), appeals from the judgment of the Lorain County Court of Common Pleas. This Court dismisses the appeal for lack of jurisdiction.
 I {¶ 2} Pheasant Run is a non-profit corporation composed of several hundred homeowner-shareholders living in the Pheasant Run Village community of LaGrange Township. Five individuals composed Pheasant Run's board of directors during the period relevant to this appeal, including Ronald Mertz, Leonard Schaffer, and Lori Quinones. LEH Properties, Inc. ("LEH") is a separate corporation. The principal of LEH, Lee Holtztrager, also ran another company, Sawbuck, Inc. ("Sawbuck"), which built homes.
 {¶ 3} LEH owned land adjacent to Pheasant Run, and Holtztrager sought to form a contract with Pheasant Run, whereby Sawbuck would build approximately 200 new houses on *Page 2 
the land. The parties entered into extended negotiations, but Pheasant Run eventually attempted to extricate itself from the deal. On February 23, 2004, LEH, Sawbuck, and Holztrager (collectively "Plaintiffs") brought suit against Pheasant Run and Shaffer for breach of contract and fraud.
 {¶ 4} The parties prepared for a jury trial on August 7, 2006, but indicated that they had reached an agreement before trial commenced. The parties and their attorneys went on the record before the trial court and read their agreement into the record. Plaintiffs' attorney, Brent English, then indicated that he would draft the written agreement and forward it to Pheasant Run for review. It is a matter of contention on appeal as to when Attorney English actually forwarded the written agreement to Pheasant Run.
 {¶ 5} On November 27, 2006, Plaintiffs filed a show cause motion, which targeted Pheasant Run's failure to carry out the settlement agreement and asked the court to enforce the agreement and to award Plaintiffs their attorney fees. On December 11, 2006, Pheasant Run filed a response, indicating that it had waited to respond to the "proposed settlement" for various reasons. The trial court scheduled a status hearing on the matter, but never entered a formal ruling on the record as to Plaintiffs' motion.
 {¶ 6} On May 23, 2007, Plaintiffs filed a renewed motion to enforce settlement. That motion contained a copy of a "mutual release and settlement agreement" that set forth the entire agreement between the parties. The following individuals signed the mutual release and settlement agreement: Lee Holtztrager, individually and in his capacity as president of LEH and president of Sawbuck; Leonard Shaffer, as an individual; Ronald E. Mertz, as president of Pheasant Run's board of directors; and Lori Quinones, as a member of Pheasant Run's board. The latter three individuals all signed the document on January 2, 2007. *Page 3 
 {¶ 7} On August 6, 2007, Pheasant Run filed its response to Plaintiffs' renewed motion. In its response, Pheasant Run argued that the trial court was obligated to hold an evidentiary hearing to determine whether or not the parties even had a valid settlement agreement. Pheasant Run argued that the individuals who were present at the August 7, 2006 hearing and those who had signed the agreement on Pheasant Run's behalf all lacked authority to do so. Pheasant Run supplemented its response on August 8, 2007, arguing that its by-laws also forbade any entry into a settlement agreement without the full board's authorization. On October 18, 2007, the trial court denied Pheasant Run's request for an evidentiary hearing, granted Plaintiffs' motion to enforce the settlement agreement, and awarded Plaintiffs the attorney fees they incurred as a result of enforcing the settlement.
 {¶ 8} Pheasant Run filed its notice of appeal on October 23, 2007. Pursuant to an order of this Court, Pheasant Run subsequently filed a nunc pro tunc journal entry from the trial court, indicating that there was no just reason for delay in seeking the appeal although it had yet to determine the amount of attorney fees to be awarded. Pheasant Run's appeal raises one assignment of error for our review.
 II ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT GRANTED APPELLEES['] MOTION TO ENFORCE SETTLEMENT WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING."
 {¶ 9} In its first assignment of error, Pheasant Run argues that the trial court erred in failing to conduct an evidentiary hearing to determine whether the parties actually had a settlement agreement. Specifically, Pheasant Run argues that its attorney and board members lacked authority to settle on Pheasant Run's behalf and that the trial court was bound to hold a *Page 4 
hearing under Rulli v. Fan Co. (1997), 79 Ohio St.3d 374. Pheasant Run also argues that this Court must reverse the trial court's award of attorney fees to Plaintiffs for their having to enforce the settlement agreement.
 {¶ 10} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 11} In Robinson v. Robinson, 9th Dist. No. 21440, 2003-Ohio-5049, this Court addressed the finality of orders relating to attorney fee awards as follows:
 "When a trial court grants a monetary award that is left unresolved, a final, appealable order does not exist. See Whetzel v. Starkey, 7th Dist. No. 99 BA 42, 2000-Ohio-2621, at ¶ 11 and ¶ 13 (dismissing appeal for lack of a final, appealable order where judgment entry was not journalized regarding the amount of child support arrearage); Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843 (finding that a judgment which awards attorney fees, but leaves the amount of those fees unresolved, is not a final order). A monetary award which leaves the actual dollar amount to be determined later is merely a determination of liability. The granting of such an unspecified award is not a judgment and, therefore, not a final, appealable order. Brightman v. Brightman, 8th Dist. No. 79246, 2002-Ohio-829, at ¶ 29, citing Ft. Frye Teachers Assn., 87 Ohio App.3d at 843. See, also, McKee v. Inabnitt (Sept. 26, 2001), 4th Dist. No. 01CA711, 2001-Ohio-2595. `[T]he trial court's judgment entry should address all issues submitted to the court for determination so that the parties may know, by referring to the judgment entry, what their responsibilities and obligations may be.' Fields v. Fields (Aug. 24, 1998), 4th Dist. No. 97 CA 50." Robinson at ¶ 6.
While Civ. R. 54(B) permits a trial court to finalize an order that disposes of less than all of the claims or all the parties in the suit, the rule does not permit the court to partially dispose of a single claim. See Chef Italiano Corp., 44 Ohio St.3d at 89. See, also,Internatl. Bhd. of *Page 5 Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,116 Ohio St.3d 335, 2007-Ohio-6439, at ¶ 8-17. That is, the mere inclusion of Civ. R. 54(B) language will not remedy a non-final order, which fails to dispose of a single claim in its entirety. See Wisintainer v. ElcenPower Strut Co. (1993), 67 Ohio St.3d 352, 354 ("[T]he phrase `no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order.").
 {¶ 12} In the present matter, the trial court awarded Plaintiffs judgment and attorney fees in an unspecified amount. The trial court indicated that a hearing would be held at a later date to determine the exact amount of attorney fees that would be awarded. The record reflects that Plaintiffs did not bring a separate claim for attorney fees such that the trial court could issue a final order without determining the amount of fees owed by Pheasant Run. For Plaintiffs' order to be final, the trial court also must enter judgment as to the amount of Plaintiffs' attorney fees. See Robinson at ¶ 6. Without that determination, the trial court's order is not final, and this Court lacks jurisdiction to consider it.
 III {¶ 13} Because this Court lacks jurisdiction to consider Pheasant Run's sole assignment of error, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 6 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 Moore, J. Dickinson, J., concur. *Page 1