[Cite as *In re S.B.*, 2014-Ohio-345.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| IN RE: | : | **MEMORANDUM OPINION** |
| S.B. AND S.B. | : | |
| | : | **CASE NO. 2013-A-0049** |

Civil Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division, Case No. 07 JH 38.

Judgment: Appeal dismissed.

*Luke P. Gallagher*, 326-A West Main Road, Conneaut, OH 44030 (For Appellant-Tiffani Brink).

*Malcolm Stewart Douglas*, 55 North Chestnut Street, Jefferson, OH 44047 (For Appellee-Shawn Brink).

*Jodi M. Blankenship*, 302 South Broadway, Geneva, OH 44041 (Guardian ad litem).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Tiffani M. Brink nka Lindstrom, appeals the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, dismissing her motion to hold defendant-appellee, Shawn R. Brink, in contempt, and awarding Brink sanctions. For the following reasons, the present appeal is dismissed for lack of a final order.

{¶2} Lindstrom and Brink are the parents of two minor children.

{¶3} In October 2005, Brink was awarded custody of the minor children.

{¶4} A detailed history of the litigation regarding custody and visitation issues is provided in *In re S.B. and S.B.*, 11th Dist. Ashtabula No. 2010-A-0019, 2011-Ohio-1162, ¶ 2-77.

{¶5} On January 17, 2013, Lindstrom filed a Motion for Order Holding Shawn R. Brink in Contempt of Court, based on Brink's purported violations of the visitation order set forth in the juvenile court's March 25, 2010 Judgment Entry.

{¶6} On May 2, 2013, Brink responded with a Verified Motion to Dismiss and for Sanctions, contending that the contempt motion was "vexatious and unwarranted," and seeking an award of costs and attorney fees against Lindstrom.

{¶7} On August 13, 2013, the juvenile court granted Brink's Motion to Dismiss and for Sanctions. The Judgment Entry further provides: "This matter is scheduled for Motion [for] Sanctions hearing on September 13, 2013 at 10:30 a.m."

{¶8} On August 26, 2013, Lindstrom filed a Notice of Appeal. On appeal, Lindstrom raises the following assignment of error:

{¶9} "[1.] The trial court committed prejudicial error by granting Appellee's 'Verified Motion to Dismiss and for Sanctions.'"

{¶10} The Ohio Revised Code provides: "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1).

{¶11} Preliminary to considering the merits of this appeal, we must determine whether a final order exists.

2

{¶12} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02.

{¶13} A final order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶14} "[A]n award of a sanction is not final until the amount of the sanction is determined." *In re Estate of Odebrecht*, 10th Dist. Franklin No. 05AP-250, 2006-Ohio-381, ¶ 9; *Robinson v. Robinson*, 9th Dist. Summit No. 21440, 2003-Ohio-5049, ¶ 6 ("[w]hen a trial court grants a monetary award that is left unresolved, a final, appealable order does not exist"); *McKee v. Inabnitt*, 4th Dist. Adams No. 01CA711, 2001 Ohio App. LEXIS 4568, 3 (Sept. 26, 2001) ("judgments awarding attorney fees, but deferring the amount of those fees for later adjudication, do not determine the action and therefore are neither final nor appealable").

{¶15} In the present case, the juvenile court awarded Brink sanctions against Lindstrom, but has yet to determine the amount of the award. Accordingly, there is no final order and this appeal must be dismissed. *LEH Properties, Inc. v. Pheasant Run*

3

*Assn.*, 9th Dist. Lorain No. 07CA009275, 2008-Ohio-4500, ¶ 12. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.