[Cite as *Uphouse v. Uphouse*, 2014-Ohio-2514.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ALBERT K. UPHOUSE

    Appellee

    v.

DENISE R. UPHOUSE

    Appellant

C.A. No.     27057

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2012-03-0647

DECISION AND JOURNAL ENTRY

Dated: June 11, 2014

CARR, Judge.

{¶1}    Appellant Denise Uphouse appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.

I.

{¶2}    Albert Uphouse ("Husband") filed a complaint against Denise Uphouse ("Wife") after a 19-year marriage. Wife filed an answer and counterclaim for divorce. The parties had two unemancipated children at that time. The magistrate issued temporary orders, ordering Husband to pay both temporary spousal and child support to Wife.

{¶3}    The matter proceeded to trial on a contested divorce, although the parties had reached an agreement as to some issues. Counsel for the parties read certain stipulations into the record, including the parties' agreement regarding the disposition of the marital home. After issuing some nonfinal judgments, the domestic relations court issued a decree of divorce. Wife filed a timely appeal in which she raises three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE STIPULATION OF THE PARTIES REGARDING THE DISPOSITION OF THE MARITAL RESIDENCE AND THE REIMBURSEMENTS WIFE WAS TO RECEIVE UPON THE EVENTUAL SALE OF THE PROPERTY.

{¶4}    Wife argues that the domestic relations court erred by failing to fully incorporate the parties' stipulations regarding the disposition of the marital home into the final decree.  This Court agrees.

{¶5}    This Court has repeatedly recognized that "'[a] stipulation is defined as a voluntary agreement, admission, or concession, made in a judicial proceeding by the parties or their attorneys concerning disposition of some relevant point so as to eliminate the need for proof or to narrow the range of issues to be litigated.'"  *Vengrow v. Vengrow*, 9th Dist. Summit No. 24907, 2010-Ohio-2568, ¶ 10, quoting *Baum v. Baum*, 9th Dist. Wayne No. 97CA0022, 1997 WL 775770 (Nov. 26, 1997).   Moreover,

> "A stipulation between contesting parties evidences an agreement between them * * *.  To the extent that a stipulation jointly made represents an agreed statement of the facts material to the case, it is a substitute for the evidence which would otherwise have to be adduced in open court.  Resultantly, when a stipulation of facts is handed up by the adversaries in a case, the trier of facts must accept what is set forth as a statement of settled fact that is undisputed and binding upon the parties to the agreement."

*Vengrow* at ¶ 10, quoting *Newhouse v. Sumner*, 1st Dist. Hamilton No. C-850665, 1986 WL 8516 (Aug. 6, 1986), citing 50 Ohio Jurisprudence 2d (1961), stipulations, Sections 9-11.

{¶6}    In this case, Husband and Wife stipulated on the record as to the disposition of the marital home as part of the division of marital property.  After agreeing that the property was titled and mortgaged in both spouses' names, the parties agreed that Wife, who was living in the home with the children, had until the younger child emancipated in which to either refinance the

mortgage solely in her name, or pay the mortgage off in full. In the event that she was unable to do either of those things, the parties agreed that the house would be sold and the proceeds would be divided equally between Husband and Wife, except that Wife would additionally receive reimbursement for (1) any improvements she made to the home outside of repairs made from a recent insurance payment, and (2) any increased equity in the home due to her payment of the mortgage as of the date of trial. The trial court's decree, however, while holding Wife responsible for the payment of the mortgage until the property was sold, ordered that all sale proceeds from the home would be divided equally. The decree did not make any provision for reimbursement to Wife of increased value due to improvements she made to the home or due to her pay down of the mortgage. Accordingly, the trial court's decree did not accurately reflect the parties' stipulation regarding the division of marital property, specifically as it related to the marital home.

{¶7} The trial court omitted several terms of the parties' stipulation. As we held in *Vengrow* at ¶ 14, "[t]o the extent that the trial court's order does not reflect the stipulated agreement of the parties, the case must be remanded." As the trial court erred by failing to incorporate the parties' complete stipulation regarding the disposition of the marital home into the decree, Wife's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE DURATION OF THE SPOUSAL SUPPORT AWARD.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S FINDINGS OF THE HUSBAND'S EXPENSES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT'S DETERMINATION OF THE AMOUNT OF REASONABLE AND APPROPRIATE SPOUSAL SUPPORT WAS AN ABUSE OF DISCRETION.

{¶8} Wife argues that the domestic relations court erred in its determination of the amount and duration of the spousal support award.

{¶9} R.C. 3105.171(C)(3) dictates that the domestic relations court "shall provide for an equitable division of marital property under this section prior to making any award of spousal support * * *." In addition, the trial court "may award reasonable spousal support to either party * * * upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code[.]" R.C. 3105.18(B). Applying these statutory provisions, this Court has written: "Thus, the trial court was required to make an equitable division of the marital property under R.C. 3105.171 before it could make an award of spousal support." *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 24.

{¶10} Based on our resolution of Wife's first assignment of error, the domestic relations court must revisit its determination regarding the equitable division of marital property. Only thereafter may it determine the issue of spousal support. Accordingly, Wife's second and third assignments of error are not ripe for consideration by this Court, and we decline to address them.

III.

{¶11} Wife's first assignment of error is sustained. This Court declines to address the second and third assignments of error as they are not ripe for review. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P., J.
WHITMORE, J.
CONCUR.

APPEARANCES:

SHARYL W. GINTHER and KENNETH L. GIBSON, Attorneys at Law, for Appellant.

SHUBHRA N. AGARWAL, Attorney at Law, for Appellee.