[Cite as *Hack v. Keller*, 2015-Ohio-4128.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

PEGGY HACK

    Appellee

    v.

KARL KELLER

    Appellant

C.A. No.     14CA0036-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     11 CIV 1455

DECISION AND JOURNAL ENTRY

Dated: October 5, 2015

CARR, Presiding Judge.

{¶1} Appellant Karl Keller appeals the order of the Medina County Court of Common Pleas that denied his purported motion to vacate pursuant to Civ.R. 60(B) the parties' Stipulated Order for Partition. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2} Appellee Peggy Hack filed a complaint for partition of premises which appellant Karl Keller and she owned. Mr. Keller answered and filed counterclaims for partition, unjust enrichment, and conversion. Ms. Hack amended her complaint to allege claims for partition, contribution from rents Mr. Keller collected and retained from leasing the property, and for an accounting. The parties later filed a "Stipulated Order for Partition," wherein they settled their respective claims for partition and consented to partition of the property. A writ of partition issued to the sheriff, and a commissioner was appointed to determine the value of the property. The trial

court approved the commissioner's report and ordered the parties to notify the court within thirty days whether either party elected to purchase the property at the appraised value.

{¶3} After neither party elected to purchase the property within the allotted time, Ms. Hack moved the trial court to order a sheriff's sale. Mr. Keller objected, asserting that not only was a sheriff's sale premature, but so was any election to purchase, until the trial court heard the issue of the parties' respective proportionate interests in the property. Mr. Keller then moved for a trial to determine the parties' proportionate interests and to designate its determination on that issue as a final, appealable order.

{¶4} The magistrate held a hearing on the pending motions and issued a decision, finding that the parties' stipulated order for partition resolved the issue of the respective interests and that, by the terms of the stipulation, each presumptively held an equal interest in the property. The magistrate further concluded, based on uncited case law from the Third and Seventh District Courts of Appeals, that the stipulated order of partition was a final, appealable order that the court had no authority to revisit or modify. Accordingly, the magistrate denied Mr. Keller's motion to schedule a hearing to determine the parties' proportionate interests in the property. The magistrate further wrote that the court would grant Ms. Hack's motion for a sheriff's sale later, after all remaining claims were resolved. The trial court denied Mr. Keller's motion to designate this magistrate's decision a final, appealable order, reasoning that only the appellate court had authority to determine its jurisdiction. Mr. Keller did not file objections to the magistrate's decision.

{¶5} Nearly four months later, however, Mr. Keller moved the court for a pretrial to clarify whether he could still assert his claim of a greater proportionate interest in the property at the ultimate trial on all pending claims. One month later, the trial court adopted and affirmed the

magistrate's decision after noting that no objections had been filed. The trial court ordered, in relevant part:

> [Mr. Keller's] motion to schedule an evidentiary hearing on the parties' interest in the property is denied. [Mr. Keller's] motion to designate this journal entry as a final appealable order is denied. [Ms. Hack's] motion for an order directing the Sheriff to sell the property shall be granted upon conclusion of the adjudication of the parties' remaining causes of action.

{¶6} Ms. Hack moved for leave to file a motion for summary judgment solely on Mr. Keller's claim for unjust enrichment. The trial court granted leave. Ms. Hack filed her motion, and Mr. Keller responded in opposition. The record indicates that the trial court has not disposed of the motion for partial summary judgment.

{¶7} The issue giving rise to the instant attempted appeal is as follows. More than a year and a half after the parties filed their stipulated order for partition, Mr. Keller filed a motion to vacate that stipulated order, alleging grounds pursuant to Civ.R. 60(B)(5). Ms. Hack opposed the motion to vacate. The trial court held an oral hearing and subsequently denied the motion to vacate on alternative grounds. First, the trial court concluded that the parties' stipulated order for partition was a final, appealable order and that Mr. Keller was improperly attempting to use a Civ.R. 60(B) motion to vacate as a substitute for appeal. Alternatively, the trial court rejected Mr. Keller's substantive argument that the stipulated order must be vacated because of a difference of interpretation whether the issue of the parties' proportionate interests had been resolved. Finding that the language of the stipulated order, drafted and signed by the parties' attorneys, fully resolved the issue, the trial court concluded that Mr. Keller could not obtain relief pursuant to Civ.R. 60(B)(5). The trial court denied the motion to vacate and scheduled the parties' remaining causes of action for trial. Mr. Keller has attempted to appeal the trial court's denial of his motion to vacate, proposing two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO VACATE A STIPULATION BASED ON MISTAKE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RECOGNIZE THE STIPULATION AS VOID AB INITIO BECAUSE IT WAS NOT ENTERED INTO KNOWINGLY AND VOLUNTARILY BY APPELLANT.

{¶8} Mr. Keller argues that the trial court erred by denying his motion to vacate pursuant to Civ.R. 60(B) the parties' stipulated order for partition. Because the trial court's journal entry denying the Civ.R. 60(B) was not a final, appealable order, this Court dismisses the appeal for lack of jurisdiction.

{¶9} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court only has jurisdiction to hear appeals from judgments and final orders. Ohio Constitution, Article IV, Section 3(B)(2). "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. Lorain No. 07CA009275, 2008-Ohio-4500, ¶ 10, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

{¶10} It is well settled that a trial court's denial of a motion to vacate a judgment pursuant to Civ.R. 60(B) is a final, appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980). However, a Civ.R. 60(B) motion to vacate lies only from a "final judgment, order, or proceeding[.]" Where the underlying order is not itself a final judgment, Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise nonfinal

judgment into a final appealable order. *Kalapodis v. Hall*, 9th Dist. Summit No. 22386, 2005-Ohio-2567, ¶ 10. "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Price v. Klapp*, 9th Dist. Summit No. 27343, 2014-Ohio-5644, ¶ 6, quoting, *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 229 (1999); *see also* R.C. 2505.02(B)(1).

{¶11} Partition orders have been recognized as final, appealable orders as contemplated by R.C. 2505.02(B)(1). *See e.g., Rose v. Rose*, 194 N.E.2d 870, 872 (7th Dist.1963), citing *Mitchell v. Crain*, 108 Ohio App. 143, 149 (6th Dist.1958) (holding that "the final order from which appeals may be had in partition are limited to the order of partition and the order confirming the sale."). The finality of partition orders was discussed for the first time after the 1912 amendment to the Ohio Constitution in *Johnston v. Deaton*, 105 Ohio St. 285 (1922). In *Johnston*, after the commissioners reported the inability to divide the premises without manifest injury and appraised the property, the trial court ordered that the property be sold. The high court concluded that an appeal would lie from this order because it was a "final order affecting her substantial rights" that "finally excluded [appellant] from her right to have aparted to her the one-half of the real estate which belonged to her in common with [appellee], compelled her to allow her property to be offered for sale to the public, and required her, if she desired to reacquire a portion of it, to compete with the public in so acquiring it * * *." *Id.* at 287. It appears that Ohio courts that have spoken on the issue would recognize appellate jurisdiction to consider appeals in these cases from two distinct orders, to wit, the partition order and the subsequent order confirming sale of the property. *E.g., Mitchell* at 149 (but stating that "[s]o-called interlocutory order[s] such as vacating the sheriff's sale, do not have such finality as to accord the right of appeal."). Assuming without deciding that the parties' August 23, 2012 stipulated order for partition would constitute a final

order that may be reviewed on appeal pursuant to R.C. 2505.02(B), this does not end the inquiry, however.[1]

**{¶12}** If Civ.R. 54(B) is applicable, its requirements must also be met before this Court acquires jurisdiction to hear the appeal. *LEH Properties, Inc.*, 2008-Ohio-4500, at ¶ 10, citing *Chef Italiano Corp.*, 44 Ohio St.3d at 88. Where a case involves multiple claims or multiple parties, Civ.R. 54(B) allows a trial court to issue a final judgment that can immediately be appealed "only upon an express determination that there is no just reason for delay." Even so, merely reciting the "no just reason for delay" language or asserting that an order is final and appealable cannot transform an otherwise non-final order into one that is final and appealable. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano*.

**{¶13}** Ohio courts addressing the finality of partition orders where other claims remain pending have held that, in the absence of the requisite Civ.R. 54(B) certification, there is no final, appealable order. *See e.g., Whipps v. Ryan*, 10th Dist. Franklin No. 12AP-509, 2013-Ohio-4334, ¶ 31 (dismissing appeal where, even assuming resolution of the partition complaint, a cross-claim remained pending); *Yeckley v. Yeckley*, 8th Dist. Cuyahoga No. 94358, 2010-Ohio-4252, ¶ 13 (in partition action, "[a]n order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was 'no just reason for delay' is not a final, appealable order."); *Yeckley v. Yeckley*, 8th Dist. Cuyahoga No. 96873, 2012-Ohio-84.

**{¶14}** In this case, in reviewing Mr. Keller's motion to vacate, the trial court concluded that the stipulated order for partition was a final, appealable order. The partition order, however,

---

[1] Case law is unclear as to what constitutes a final partition order, but this Court need not make that determination at this time under the procedural posture of this case. *See State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532.

did not contain the Civ.R. 54(B) language certifying that there was no just reason for delay. Multiple claims by both parties remain pending.[2] The trial court scheduled a trial date for the remaining claims, including Ms. Hack's claims for contribution and for an accounting, and Mr. Keller's claims for unjust enrichment and conversion.

{¶15} As the partition order did not contain the requisite Civ.R. 54(B) certification and multiple claims remain pending for resolution, this Court concludes that the parties' stipulated order for partition did not constitute a final, appealable order. Instead, the stipulated order was merely an interlocutory order subject to modification. Civ.R. 54(B) (interlocutory orders are subject to revision). Because Civ.R. 60(B) may only be used to obtain relief from final judgments, Mr. Keller's purported motion to vacate pursuant to Civ.R. 60(B) was a mislabeled motion for reconsideration. The reconsideration of an interlocutory order is itself an interlocutory order, not subject to appeal. *Yeckley*, 2012-Ohio-84, at ¶ 17, citing *Beyke v. Beyke*, 3d Dist. Nos. 14-05-13, 14-05-15, 2005-Ohio-5465, ¶ 17.

{¶16} As the trial court's journal entry denying Mr. Keller's motion to vacate the parties' stipulated order for partition was an interlocutory order reconsidering an underlying interlocutory order, it does not constitute a final, appealable order. Accordingly, this Court retains no jurisdiction to consider Mr. Keller's substantive challenges to the trial court's denial on appeal.

Appeal dismissed.

---

[2] In her trial brief filed December 9, 2013, Ms. Hack wrote that she recently withdrew her claims for contribution and for an accounting. There is nothing in the record beyond this assertion to substantiate that. Even assuming that all of her claims have been fully resolved, Mr. Keller continues to maintain two claims for resolution, and the trial court has scheduled a trial on all remaining claims.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

WILLIAM B. YOUNG and JARED M. HOOVER, Attorneys at Law, for Appellee.