[Cite as *Hack v. Keller*, 2019-Ohio-1393.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| PEGGY HACK | C.A. No.    18CA0012-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KARL KELLER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    11CIV1455 |

## DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

---

TEODOSIO, Presiding Judge.

**{¶1}** Karl Keller appeals the February 5, 2018, judgment of the Medina County Court of Common Pleas. We affirm.

I.

**{¶2}** We have previously set forth the factual background of this matter as follows:

Appellee Peggy Hack filed a complaint for partition of premises which appellant Karl Keller and she owned. Mr. Keller answered and filed counterclaims for partition, unjust enrichment, and conversion. Ms. Hack amended her complaint to allege claims for partition, contribution from rents Mr. Keller collected and retained from leasing the property, and for an accounting. The parties later filed a "Stipulated Order for Partition," wherein they settled their respective claims for partition and consented to partition of the property. A writ of partition issued to the sheriff, and a commissioner was appointed to determine the value of the property. The trial court approved the commissioner's report and ordered the parties to notify the court within thirty days whether either party elected to purchase the property at the appraised value.

After neither party elected to purchase the property within the allotted time, Ms. Hack moved the trial court to order a sheriff's sale. Mr. Keller objected, asserting that not only was a sheriff's sale premature, but so was any election to purchase, until the trial court heard the issue of the parties' respective proportionate interests

in the property. Mr. Keller then moved for a trial to determine the parties' proportionate interests and to designate its determination on that issue as a final, appealable order.

The magistrate held a hearing on the pending motions and issued a decision, finding that the parties' stipulated order for partition resolved the issue of the respective interests and that, by the terms of the stipulation, each presumptively held an equal interest in the property. The magistrate further concluded, based on uncited case law from the Third and Seventh District Courts of Appeals, that the stipulated order of partition was a final, appealable order that the court had no authority to revisit or modify. Accordingly, the magistrate denied Mr. Keller's motion to schedule a hearing to determine the parties' proportionate interests in the property. The magistrate further wrote that the court would grant Ms. Hack's motion for a sheriff's sale later, after all remaining claims were resolved. The trial court denied Mr. Keller's motion to designate this magistrate's decision a final, appealable order, reasoning that only the appellate court had authority to determine its jurisdiction. Mr. Keller did not file objections to the magistrate's decision.

Nearly four months later, however, Mr. Keller moved the court for a pretrial to clarify whether he could still assert his claim of a greater proportionate interest in the property at the ultimate trial on all pending claims. One month later, the trial court adopted and affirmed the magistrate's decision after noting that no objections had been filed.

* * *

More than a year and a half after the parties filed their stipulated order for partition, Mr. Keller filed a motion to vacate that stipulated order, alleging grounds pursuant to Civ.R. 60(B)(5). Ms. Hack opposed the motion to vacate. The trial court held an oral hearing and subsequently denied the motion to vacate on alternative grounds. First, the trial court concluded that the parties' stipulated order for partition was a final, appealable order and that Mr. Keller was improperly attempting to use a Civ.R. 60(B) motion to vacate as a substitute for appeal. Alternatively, the trial court rejected Mr. Keller's substantive argument that the stipulated order must be vacated because of a difference of interpretation whether the issue of the parties' proportionate interests had been resolved. Finding that the language of the stipulated order, drafted and signed by the parties' attorneys, fully resolved the issue, the trial court concluded that Mr. Keller could not obtain relief pursuant to Civ.R. 60(B)(5). The trial court denied the motion to vacate and scheduled the parties' remaining causes of action for trial.

*Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 2-7. We dismissed the

attempted appeal for lack of a final, appealable order after concluding that "the trial court's

journal entry denying Mr. Keller's motion to vacate the parties' stipulated order for partition was an interlocutory order reconsidering an underlying interlocutory order, [and did] not constitute a final, appealable order." *Id*. at ¶ 16.

{¶3} A jury trial commenced in March 2016 on Mr. Keller's remaining causes of actions for unjust enrichment and conversion, with the trial court entering a directed verdict on both claims in favor of Ms. Hack. Mr. Keller again appealed to this Court in April 2016 and September 2016, with both attempted appeals being dismissed for lack of a final, appealable order. *See Hack v. Keller*, 9th Dist. Medina No. 16CA0037-M (June 22, 2016); *Hack v. Keller*, 9th Dist. Medina No. 16CA0072-M (Dec. 20, 2017). On February 5, 2018, the trial court entered judgment, finding that neither party had elected to purchase the subject premises at the appraised value and ordering that it be sold at public auction. Mr. Keller now appeals, raising four assignments of error. We affirm.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO VACATE A STIPULATION BASED ON MISTAKE.

{¶4} In his first assignment of error, Mr. Keller argues the trial court erred in failing to vacate the stipulated order for partition of August 23, 2012. We disagree.

{¶5} Mr. Keller's motion to vacate was brought for consideration by the trial court pursuant to Civ.R. 60(B)(5), and he likewise bases this assignment of error on Civ.R. 60(B). Mr. Keller contends that because he did not understand that the stipulated order would preclude evidence of unequal contribution at trial, this Court should reverse the trial court's denial of his Civ.R. 60(B) motion.

{¶6}   We stated in Mr. Keller's previously attempted appeal: "Because Civ.R. 60(B) may only be used to obtain relief from final judgments, Mr. Keller's purported motion to vacate pursuant to Civ.R. 60(B) was a mislabeled motion for reconsideration." *Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 15.  Despite our apprisal, Mr. Keller again raises an assignment of error based upon Civ.R. 60(B).  As a consequence, Mr. Keller's assignment of error is premised upon an incorrect theory of law from the outset.

{¶7}   Moreover, without developing any analysis in support of his argument that the trial court's ruling constituted an abuse of discretion, Mr. Keller asks this Court to conclude, axiomatically, that the trial court abused its discretion by not providing relief for an alleged error in understanding made by Mr. Keller himself.  We decline to do so.  Accordingly, we cannot find an abuse of discretion by the trial court in declining to vacate the stipulated order.

{¶8}   Mr. Keller's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RECOGNIZE THE STIPULATION AS VOID AB INITIO BECAUSE IT WAS NOT ENTERED INTO KNOWINGLY AND VOLUNTARILY BY APPELLANT.

{¶9}   In his second assignment of error, Mr. Keller argues the trial court erred by failing to recognize the stipulated order as void ab initio because Mr. Keller did not enter into it knowingly and voluntarily.  We disagree.

{¶10} As in the first assignment of error, Mr. Keller contends that because he misunderstood the meaning of the stipulated order, the trial court erred in declining to vacate the order.  To the extent, if any, that this assignment of error asserts a separate argument from the first assignment of error, it does so under a theory that the stipulation was void ab initio and should be vacated under the precedent established in *Vengrow v. Vengrow* and *Uphouse v.*

*Uphouse*. *See Vengrow v. Vengrow*, 9th Dist. Summit No. 24907, 2010–Ohio–2568; *Uphouse v. Uphouse*, 9th Dist. Summit No. 27057, 2014-Ohio-2514.

{¶11} In *Uphouse*, we concluded the trial court erred because the decree of divorce omitted several terms that were stipulated to on the record by the parties. *Uphouse* at ¶ 6-7. We likewise remanded the case in *Vengrow* based upon the conclusion that the trial court's attempt to incorporate a stipulated agreement between the parties into a journal entry contained several misstated terms. *Vengrow* at ¶ 14. Neither of these scenarios is applicable to the present case, where the stipulated order was signed by the attorneys for both parties and there was no omission or misstatement by the trial court.

{¶12} Mr. Keller's second assignment of error is therefore overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED BY ISSUING A DIRECTED VERDICT ON THE CONVERSION CLAIM AS THERE WAS TESTIMONY REGARDING OWNERSHIP, VALUE, AND ACTIONS INCONSISTENT WITH RIGHTFUL OWNERSHIP.

{¶13} In his third assignment of error, Mr. Keller argues the trial court erred by issuing a directed verdict on his claim for conversion. We disagree.

{¶14} In its entry of March 28, 2016, the trial court journalized its March 21, 2016, ruling of a directed verdict on Mr. Keller's claim for conversion, stating that it had considered all evidence submitted by Mr. Keller, as well as all inferences and conclusions reasonably drawn from that evidence, in the light most favorable to Mr. Keller, and found the evidence insufficient to entitle Mr. Keller to recover on his claim for conversion.

{¶15} "Because a motion for a directed verdict presents a question of law, appellate review of a trial court's decision on the motion is de novo." *Jones v. MTD Consumer Group, Inc.*, 9th Dist. Medina No. 13CA0093-M, 2015–Ohio–1878, ¶ 21, quoting *Bennett v. Admr.,*

*Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012–Ohio–5639, ¶ 14. "Under Civ.R. 50(A)(4), a motion for a directed verdict should be granted if 'the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.'" *Id.*, quoting *Bennett* at ¶ 14, quoting Civ.R. 50(A)(4).

{¶16} Nonetheless, "if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977). "A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses." *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, ¶ 7, citing *Strother v. Hutchinson*, 67 Ohio St.2d 282, 284 (1981).

{¶17} "Conversion is 'the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *Allan Nott Ents., Inc. v. Nicholas Starr Auto, L.L.C.*, 110 Ohio St.3d 112, 2006-Ohio-3819, ¶ 36, quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "To prevail on a claim of conversion, a plaintiff must prove (1) that it owned or had the right to control the property at the time of the conversion, (2) the defendant's wrongful act or disposition of the plaintiff's property rights, and (3) damages." *Pelmar USA, L.L.C. v. Mach. Exchange Corp.*, 9th Dist. Summit No. 25947, 2012-Ohio-3787, ¶ 12. When property is otherwise lawfully held, "'[a] demand and refusal * * * are usually required to prove the conversion * * *.'" *Ferreri v. Goodyear Local No. 2 United Rubber, Cork, Linoleum & Plastic Workers of Am. Home Assn.*,

9th Dist. Summit No. 16311, 1994 WL 45740, *2 (Feb. 9, 1994), quoting *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 24 Ohio App.3d 91, 94 (10th Dist.1985).

{¶18} Mr. Keller first argues "the trial court made a legally erroneous ruling when it suggested that demand and failure to return property is always required to defeat a directed verdict on a claim for conversion." This argument is not supported by the record. In its ruling for a directed verdict at the March 2016 hearing, the trial court found "that a demand and a refusal were not made in this case, that the property was not being held exclusively by [Ms. Hack] and against [Mr. Keller's] interest, and that the damages [were] wholly speculative." Contrary to Mr. Keller's assertion, this statement by the trial court contains no suggestion that a demand and a failure to return property are always required for a successful conversion claim, nor does it appear otherwise contrary to law.

{¶19} Mr. Keller next argues that "[t]he trial judge erroneously stated '[s]peculation isn't good enough' and '[j]uries aren't allowed to speculate []'" and that "[t]he trial court also mischaracterized [Mr.] Keller's testimony by declaring '[] he had no idea of the value of those coins * * *[.]'" Regardless of the correctness of these statements, none of them were made by the trial court; rather, as noted by the transcript and as is clear by their context, these statements were made by Attorney William B. Young in arguing for a directed verdict on behalf of Ms. Hack.

{¶20} Mr. Keller further argues that there was evidence of acts inconsistent with rightful ownership and that the evidence met the burden of satisfying the element of wrongful control and dominion over Mr. Keller's property. In support of this argument, he points to Mr. Keller's testimony that containers filled with coins that had previously been in a closet of the house were not in the closet when he returned to the house to pick up some clothing. He testified his

response to this event was: "Peggy needed it worse than I did, so I just walked away. I thought, 'Fine, let her have it. If that's going to make her happy, let her have it.'" Mr. Keller further points to his testimony that he believes that both Ms. Hack and her son have keys to the house. Finally, he points to his testimony that Ms. Hack "made accusations that I was burying [missing items] in a manure pile * * *."

**{¶21}** Contrary to Mr. Keller's contention, this testimony provides little, if any, evidence of wrongful control and dominion over Mr. Keller's property. We cannot conclude that this testimony constitutes substantial competent evidence to support Mr. Keller's claim for conversion, upon which evidence reasonable minds might reach different conclusions. *See Hawkins* at 115.

**{¶22}** Mr. Keller's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT'S JOURNAL ENTRY GRANTING A DIRECTED VERDICT ON THE CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT SHOULD BE REVERSED AS IT CONTAINS NO LEGAL REASONING.

**{¶23}** In his fourth assignment of error (mistakenly captioned as his sixth assignment of error in the brief to this Court), Mr. Keller argues the trial court erred because its journal entry granting a directed verdict contains no legal reasoning. We disagree.

**{¶24}** Mr. Keller cites to no authority in support of his argument, and instead references a case whereby this Court remanded matters back to the trial court because the trial court's entry granting summary judgment was devoid of analysis for our review. *See Schutte v. Summit Cty. Sheriff's Office*, 9th Dist. Summit No. 28203, 2017-Ohio-4172, ¶ 11.

**{¶25}** Although Mr. Keller fails to support his argument with any reference to Civ.R. 50(E), said rule provides: "When in a jury trial a court directs a verdict * * *, the court shall state

the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment." An appellant forfeits the right "to protest the absence of this requirement by failing to timely raise the error to the trial court." *Darcy v. Bender*, 68 Ohio App.2d 190, 192 (9th Dist.1980). Mr. Keller has failed to establish that he raised the alleged error to the trial court, and therefore the issue has been forfeited.

{¶26} Mr. Keller's fourth assignment of error is overruled.

### III.

{¶27} Mr. Keller's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

WILLIAM B. YOUNG, Attorney at Law, for Appellee.