[Cite as *Stephan v. Wacaster*, 2023-Ohio-4566.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| RICK STEPHAN, SR., ET AL. | : | |
| | : | |
| Appellees | : | C.A. No. 2023-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 21 CV 211 |
| | : | |
| CONNIE WACASTER, ET AL. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 15, 2023

. . . . . . . . . . .

W. MICHAEL CONWAY, Attorney for Appellees

THOMAS KENDO, JR., Attorney for Appellants

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Connie Wacaster appeals from the trial court's entry of partial summary judgment finding plaintiffs-appellees Chris Stephan and Rick Stephan, Sr. entitled to partition of a parcel of real estate and its subsequent issuance of a writ of partition directing the Miami County Sheriff to divide the parcel among the parties.

{¶ 2} Wacaster contends the Stephans lack a possessory interest in the real estate

entitling them to partition. She also claims the trial court's writ of partition was an improper order in aid of execution of a non-final judgment.

{¶ 3} Upon review, we conclude that the trial court's partial summary judgment ruling and its writ of partition are interlocutory and not appealable absent Civ.R. 54(B) certification, which does not exist. Accordingly, Wacaster's appeal will be dismissed for lack of an appealable order.

## I. Factual and Procedural Background

{¶ 4} Margaret M. Stephan died testate in October 2017. Her will granted life-estate interests in her farm to her children with remainder interests to her grandchildren. The operative language provided:

> ITEM THREE: I give, devise, and bequeath my 95 acre farm known as 10290 North Newberry-Washington Road, Piqua, Ohio to my daughter, Connie Wacaster, and my son, DeWayne Stephan, equally, share and share alike, for Life. The Remainder of the Life Estate of Connie Wacaster, I give, devise, and bequeath to her children, Tami Body and Todd Wacaster, equally, and share and share alike. The Remainder of the Life Estate of DeWayne Stephan, I give, devise, and bequeath to his children, Chris Stephan and Rick Stephan, equally, and share and share alike.

{¶ 5} DeWayne Stephan died in April 2021. Thereafter, his children, Chris and Rick Stephan, filed a July 2021 complaint for partition and for an accounting against Connie Wacaster and other interested parties. The Stephans asserted that upon their father's death, their remainder interests vested and they each owned a one-fourth fee-simple

interest in the real estate. Conversely, Wacaster maintained that she and DeWayne Stephan had been recipients of a joint life estate and that upon DeWayne's death she became the sole life-estate owner until her death.

{¶ 6} The trial court entered partial summary judgment in favor of Chris and Rick Stephan in November 2022, concluding that Margaret's will did not create a survivorship tenancy or joint life estate between Connie Wacaster and DeWayne Stephan. Rather, the trial court reasoned that the will granted them the farm as life-estate tenants in common and that upon DeWayne's death, his interest passed to his children, who now hold separate one-quarter fee-simple interests. That being so, the trial court's partial summary judgment ruling found the Stephans entitled to partition of the property. The ruling contemplated the future appointment of a commissioner to facilitate partitioning the property as well as the future issuance of a writ of partition. At the time of the trial court's partial summary judgment ruling, the Stephans' claim for an accounting also remained unresolved.

{¶ 7} Connie Wacaster appealed from the trial court's entry of partial summary judgment in favor of Chris and Rick Stephan. After issuing a show-cause order, we dismissed the appeal on December 21, 2022, for lack of an appealable order. We noted the existence of the unresolved cause of action for an accounting and the absence of Civ.R. 54(B) certification.

{¶ 8} Following our dismissal, the Stephans sought summary judgment on their claim for an accounting. The trial court overruled the motion, finding that they had failed to establish the absence of a genuine issue of material fact. The next entry in the trial

court's docket is an April 2, 2023 writ of partition. In that filing, the trial court noted its prior partial summary judgment ruling finding the Stephans entitled to partition. The trial court then set forth a legal description of the property at issue and stated:

It is therefore ORDERED, ADJUDGED and DECREED, that a writ of partition be issued directed to the Sheriff of Miami County, David Duchak, commanding him, through and *on the oath of Michael Moorhead*, a disinterested and judicious freeholder of the vicinity, who is appointed Commissioner for the purpose, to cause to be divided and set off the appropriate Plaintiffs and Defendant and each party in interest, respectively, the part and portion of the estate to which they are herein severally entitled, as set forth in the findings above.

**But if, in the opinion of said Commissioner, the real estate cannot be divided without manifest injury to its value, he shall report that fact, with a just valuation of the estate.**

The Sheriff shall make due return of his proceedings to this Court.

IT IS SO ORDERED.

(Emphasis and italics in original.)

{¶ 9} Two weeks after the trial court issued its writ of partition, Wacaster moved for a status conference regarding the ruling. She argued that the trial court's writ had the effect of executing on the partial summary judgment finding the Stephans entitled to partition. Wacaster asserted that the trial court's partition ruling and its writ of partition remained interlocutory because the accounting claim was unresolved. That being so, she reasoned that the writ was an improper order in aid of execution of a non-final judgment.

The record does not reflect that the trial court took any action on Wacaster's motion for a status conference. Thereafter, on April 24, 2023, the appointed commissioner, Michael Moorhead, filed a report advising the trial court that the subject real estate could be equitably partitioned without impairing its value. Wacaster then appealed from the trial court's partial summary judgment ruling finding the Stephens entitled to partition and from the April 2, 2023 writ of partition.

## II. Analysis

{¶ 10} Wacaster advances two assignments of error:

**I. The trial court's November 7, 2022 "Decision and Judgment Entry Granting Partial Summary Judgment in Favor of Plaintiffs; Overruling Defendants' Motion for Summary Judgment" was error.**

**II. The trial court's April 2, 2023 "Writ of Partition" was error.**

{¶ 11} In her first assignment of error, Wacaster challenges the trial court's partial summary judgment ruling finding the Stephans entitled to partition. She maintains that she has a life-estate interest the entire property and that the Stephans have no possessory interest until her death.

{¶ 12} In her second assignment of error, Wacaster asserts that the trial court's writ of partition is in effect an unlawful order in aid of execution of its partial summary judgment. Wacaster maintains that an order in aid of execution is improper when the judgment to be carried into effect is non-final. Given that the cause of action for an accounting is unresolved, Wacaster contends the partial summary judgment finding that the Stephans are entitled to partition is non-final. As a result, she claims the trial court

erred in issuing a writ of partition to aid in execution of the partial summary judgment.

{¶ 13} Upon review, we conclude that Wacaster's appeal must be dismissed for lack of an appealable order. As set forth above, the Stephans' complaint contained causes of action for (1) a writ of partition and (2) an accounting of rental income Wacaster has received from the property. We previously dismissed Wacaster's appeal from the trial court's entry of partial summary judgment finding the Stephans entitled to partition. We noted that the accounting claim remained pending and that the partial summary judgment ruling lacked Civ.R. 54(B) certification. The same situation still exists. The only change is the trial court's issuance of its April 2, 2023 writ of partition. But that writ did not transform the partial summary judgment ruling into an appealable order absent Civ.R. 54(B) certification. Nor is the writ of partition itself presently appealable.

{¶ 14} The partial summary judgment ruling resolved the first cause of action insofar as it found that the Stephans had a legal right to partition. Even on that issue, however, the summary judgment ruling was not final. It explicitly contemplated further proceedings, namely the appointment of a commissioner to facilitate partition and the issuance of a writ of partition. On the cause of action for partition, then, the final order would appear to be the trial court's April 2, 2023 writ of partition, which directed the sheriff, acting through an appointed commissioner, to divide the property in accordance with the trial court's order. This order satisfied R.C. 5307.04, which governs orders of partition and states: "If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the

commissioner to make the partition, and issue a writ of partition." In *Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 11, the Ninth District noted that "[p]artition orders have been recognized as final, appealable orders as contemplated by R.C. 2505.02(B)(1)." *See also Mitchell v. Crain*, 108 Ohio App. 143, 149, 161 N.E.2d 80 (6th Dist.1958) ("[F]inal orders from which appeals may be had in partition are limited to the order of partition and the order confirming the sale.").

{¶ 15} We do agree with the Ninth District's observation that case law can be "unclear as to what constitutes a final partition order" subject to appeal. *Hack* at ¶ 11, fn. 1. In *Haynes v. Haynes*, 2017-Ohio-49, 80 N.E.3d 1105 (5th Dist.), for example, the Fifth District found no final appealable order in a partition action where the trial court had found partition appropriate, but "at the time appellant filed his notice of appeal, the commissioner had not made a return on the partition of the property, had not reported back to the trial court, the trial court did not review or approve the commissioner's report, the parties [had] not yet decided whether to buy the property at its appraised value, and the writ of partition had not yet issued." *Id.* at ¶ 16.

{¶ 16} In the present case, the trial court's April 2, 2023 order was styled as a "writ of partition," it appears to have been intended as such, and it met the requirements for a writ of partition found in R.C. 5307.05. Unlike *Haynes*, the only contingency the trial court's ruling contemplated was the commissioner potentially concluding that the property could not be divided without injury to its value. Prior to Wacaster filing her notice of appeal, however, the commissioner returned a report confirming that the subject property could be divided as ordered without a loss of value. Unlike *Haynes*, it does not appear that any

future action was contemplated when Wacaster appealed from the trial court's partition order. In any event, for present purposes we need not definitively determine whether the trial court's April 2, 2023 writ of partition was a final order.

**{¶ 17}** Even assuming that the writ was a final order subject to review pursuant to R.C. 2905.02(B), our inquiry does not end. "Where a case involves multiple claims or multiple parties, Civ.R. 54(B) allows a trial court to issue a final judgment that can immediately be appealed 'only upon an express determination that there is no just reason for delay.' " *Hack* at ¶ 12. "Ohio courts addressing the finality of partition orders where other claims remain pending have held that, in the absence of the requisite Civ.R. 54(B) certification, there is no final, appealable order." *Id.* at ¶ 13 (citing cases). Here the Stephans' cause of action for an accounting remains unresolved. Because that claim is still pending, the trial court's writ of partition is not appealable absent Civ.R. 54(B) certification, which does not exist.

**{¶ 18}** Finally, we reject Wacaster's contention that the trial court's writ of partition is appealable as an improper order in aid of execution of judgment. Wacaster asserts that it is impermissible to execute on a non-final judgment and that the remedy for an order issued in aid of execution of a non-final judgment is an ordinary appeal. In support, she cites *State ex rel. Hawes-Saunders Broadcast Properties v. Hall*, 2d Dist. Montgomery No. 19552 (Decision & Entry, Oct. 9, 2002). That case was an original action for a writ of prohibition. In *Hawes-Saunders*, the trial court previously had entered partial summary judgment for specific performance of a shareholder agreement following one party's default. The trial court later issued an order in aid of execution of the partial summary

judgment by ordering a stock transfer and threatening appointment of a receiver. The relators responded by seeking a writ of prohibition to stop orders in aid of execution. They argued that the order for a stock transfer and the threatened appointment of a receiver was an improper order in aid of execution of the non-final partial summary judgment.

{¶ 19} For purposes of our analysis in *Hawes-Saunders*, we assumed arguendo that the relators were correct about the existence of an improper order in aid of execution of a non-final judgment. We nevertheless concluded that the trial court did not patently and unambiguously lack jurisdiction to issue the order. *Id.* Although it may be error to execute on a non-final judgment, we held that the trial court possessed the power to do so. We also concluded that the trial court's order in aid of execution was immediately appealable without Civ.R. 54(B) certification because it granted a provisional remedy insofar as it concerned the appointment of a receiver. *Id. See also Whipps v. Ryan*, 10th Dist. Franklin Nos. 12AP-685, 12AP-722, 2013-Ohio-4382, ¶ 16 (recognizing that a provisional remedy is a remedy other than a claim for relief and that an order granting or denying a provisional remedy is not subject to Civ.R. 54(B)).

{¶ 20} Here we are unpersuaded that the trial court's April 2, 2023 partition order was in aid of execution of a non-final judgment. As explained above, the trial court's partial summary judgment found the Stephans entitled to partition while outlining further proceedings on the issue. Those further proceedings culminated in the April 2, 2023 writ of partition, which actually resolved the issue. Thus, the writ of partition did not "aid" the Stephans in "executing" on a judgment, final or otherwise. Rather, the writ of partition *was* the trial court's judgment on the partition issue. In addition, the trial court's writ of partition

was not a provisional remedy, which was what made the order in aid of execution immediately appealable in *Hawes-Saunders* without Civ.R. 54(B) certification. Once again, "[a] provisional remedy is a remedy other than a claim for relief." *State ex rel. Butler Cty. Children Servs. Bd. v. Sage*, 95 Ohio St.3d 23, 25, 764 N.E.2d 1027, 1029 (2002). Here, however, a request for a writ of partition was the Stephans' claim for relief.

{¶ 21} Based on the reasoning set forth above, we conclude that the trial court's partial summary judgment ruling and its writ of partition were interlocutory and not appealable absent Civ.R. 54(B) certification, which does not exist.[1] Accordingly, Wacaster's assignments of error are overruled.

### III. Conclusion

{¶ 22} The above-captioned appeal is dismissed for lack of an appealable order.

. . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.

---

[1] We note that the Stephans' complaint names other defendants including Connie Wacaster's children (Tami Body and Todd Wacaster), Michael Kiesewetter (a farmer renting the subject property), and Rick Stephan, Jr. (a tenant in a residence on the property). In its partial summary judgment ruling, the trial court observed that Chris Stephan and Rick Stephan, Sr. had obtained a default judgment against Rick Stephan, Jr. but had not requested summary judgment against the other named defendants. In addition, the record reveals an apparently unresolved counterclaim filed by Connie Wacaster seeking contribution for her expenses with regard to the subject property. We express no opinion about whether or how the existence of these other defendants or the counterclaim might impact the appealability of any future order, as the parties have not addressed that issue.