ROSE, PLAINTIFF-APPELLEE, *v.* ROSE, SR., DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4270.   Decided January 3, 1963.

*Mr. Robert A. Manchester*, for plaintiff-appellee.
*Mr. Michael W. Kosach*, for defendant-appellant.

(WILLIAM B. BROWN, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.)

PAUL W. BROWN, P. J.   The petition contained allegations that Federal Land Bank of Louisville, Ray Lyntz, Mahoning

Farm Bureau Co-Operative Association, John A. Bannon, County Treasurer, and William Machuga, Clerk of Courts of Mahoning County, claimed some interest in the property, and prayed for determination of the interest of each and for partition.

The defendant, Warren E. Rose, by answer admitted the plaintiff's claim of ownership of an equitable one-half interest in the described property. The other defendants set up claims of liens and ask that the liens be marshalled, their priority determined, and that from the proceeds of sale their claims should be ordered paid in proper order.

Immediately after the order of partition and prior to the determination by the trial court of any of the issues raised by the cross-petitions, defendant Warren E. Rose, filed a motion for a new trial and a motion for judgment notwithstanding the verdict. When these were overruled the defendant filed a notice of appeal, designated an appeal on questions of law and fact, and designated the orders appealed from as: The order of partition, the order overruling the motion for new trial, and the order overruling the motion for judgment nothwithstanding the verdict.

The matter was before us on the transcript of the proceedings below and a stipulation that the defendant, Warren E. Rose, had exclusive legal title of the Milton Township property prior to the divorce proceedings, and that the journal entry referred to in the brief of the defendant-appellant described the real estate to which defendant-appellant, Warren E. Rose, had exclusive legal title prior to those same divorce proceedings.

The appellant's principal contention was that the interest of the plaintiff which arose from the earlier decree in divorce involving the plaintiff and the named defendant was an equitable lien only and was not sufficient title to support the plaintiff's prayer for the partition of the property.

The evidence is clearly to the contrary, and in addition the defendant-appellant's answer admits plaintiff's joint ownership of the property, and that she was granted an equitable one-half interest in the premises described in the petition.

This court finds that these are the actual facts, and that the plaintiff was granted an equitable one-half interest in the premises by the divorce decree which is in evidence.

The court further finds that plaintiff's interest is sufficient to support the prayer of the petition for an order of partition.

Partition is one of the classes of actions enumerated in Section 2501.02, as amended, effective October 4, 1955, which is appealable on questions of law and fact.

In a partition suit the appealable orders, in the absence of any question of abuse of discretion, are the order of partition and the order confirming sale. *Mitchell* v. *Crain*, 108 Ohio App., 143, 161 N. E. (2d), 80.

It would therefore appear that the order of partition appealed from was a final appealable order.

Whether a law and fact appeal was proper under the circumstances was not questioned. We doubt, however, that the statutes contemplate successive appeals on questions of law and fact in cases in which both partition and marshalling of liens are involved until the trial court has disposed of the entire case below, including such questions as those raised by cross-petition here.

In this matter the interest of the appellant was distinct from that of the other parties in the suit, so that Section 2505.15, Revised Code, upon a proper motion would have authorized the trial court to make an entry permitting appeal only of that part of the suit which had been decided.

This was not done, but we will consider to have been done that which should have been done below, we will consider that the only matter before us was the matter argued, to-wit: the question of whether the plaintiff had sufficient interest in the real estate to justify partition. We find that question in the affirmative and order the entire file remanded to the trial court with directions that that court proceed with the other questions involved in the case and make a further and final disposition of the entire matter. Partition ordered and cause remanded for further proceedings. The costs in this appeal will be taxed against the defendant, Warren E. Rose.

Donahue and Wm. B. Brown, JJ., concur.