[Cite as *Gemmell v. Evergreen Site Holdings, Inc.*, 2025-Ohio-2258.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Karry Gemmell, | : | Case No. 22CA4 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Evergreen Site Holdings, Inc. et al., | : | |
| | | **RELEASED 6/25/2025** |
| Defendants-Appellants. | : | |

_____
<u>APPEARANCES</u>:

David A. Skrobot and Beth M. Miller, Fisher, Skrobot & Sheraw, LLC, Columbus, Ohio, for appellant Evergreen Site Holdings, Inc.

Kevin E. Humphreys, Columbus, Ohio, for appellant Timber View Properties, Inc.[1]

Timothy E. Miller and Dale D. Cook, Isaac Wiles & Burkholder, LLC, Columbus, Ohio, for appellee Karry Gemmell.

Kenneth R. Goldberg and Loni R. Sammons, Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., Columbus, Ohio, for appellee Reg Martin.
_____
Hess, J.

{¶1}   Evergreen Site Holdings, Inc. ("Evergreen") and Timber View Properties, Inc. ("Timber View") appeal from three entries of the Hocking County Court of Common Pleas. Evergreen and Timber View present three assignments of error asserting that the trial court erred: (1) in granting summary judgment, entering a decree in foreclosure, and ordering an execution sale of Evergreen's real property based upon 2018 certificates of judgment held by Karry Gemmell ("Gemmell") and Reg Martin ("Martin"); (2) in rendering judgments adverse to Timber View's mortgage interest as service of process had not

---

[1] Attorney Humphreys previously represented both appellants and filed a Joint Appellants' Brief for them but was later replaced as counsel for Evergreen Site Holdings, Inc.

been perfected upon Timber View; and (3) by entering a decree of foreclosure and order of sale of Evergreen's property without first adjudicating the parties' respective interests and priorities in the property.  However, as we explain below, none of the entries being appealed constitutes a final, appealable order.  Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}  In January 2021, Gemmell filed a complaint against Evergreen, Timber View, Martin (a court-appointed receiver), Kilbarger Companies, Inc. ("Kilbarger"), Pennzoil Company ("Pennzoil"), General Electric Co., Lamp Division ("GE"), the Hocking County Treasurer (the "treasurer"), and the State of Ohio Department of Taxation (the "taxation department") setting forth claims for foreclosure and fraudulent transfer. The complaint alleged that Gemmell had a valid judgment lien for $495,741.44, plus interest at the rate of 4% per annum from August 29, 2019. The complaint alleged that the judgment was due and unpaid and that the judgment lien had attached to two parcels of property.  The complaint alleged that Timber View, Martin, Kilbarger, Pennzoil, GE, the treasurer, and the taxation department have or may claim to have an interest in or lien on the parcels, but they were inferior and subsequent to Gemmell's lien.  Among other things, the complaint asked the court to find that Gemmell's judgment lien was a valid first statutory lien on the parcels, order that the lien be foreclosed, require that all defendants set forth any claim, lien, or interest they have or claimed to have on the parcels or be forever barred therefrom, marshal and determine the priority of all liens, order the sale of the parcels, and order that the sale proceeds be paid to Gemmell to satisfy his lien, the interest due thereon, and his attorney's fees, advancements, disbursements, and costs. The complaint also alleged Evergreen received property from M&T Property Investments

("M&T"), including the parcels, in violation of provisions of R.C. Chapter 1336, the Ohio uniform fraudulent transfer act. The complaint alleged Gemmell was damaged by the fraudulent transfer of the parcels and was entitled to all remedies available under R.C. 1336.07.

{¶3} The treasurer filed an answer asserting that real estate taxes were owed on the parcels and requesting that if a sale occurred, all taxes then payable be paid first, after payment of court costs. Evergreen filed an answer which, among other things, asserted that it was the legal and equitable owner of the parcels and denied that Gemmell had a valid judgment lien. The taxation department requested that a letter sent to the clerk of courts serve as the taxation department's answer. The letter stated that the taxation department had no interest in the property and asked that it be dismissed as a party. On March 1, 2021, the trial court issued an entry dismissing the taxation department from the matter.

{¶4} The next day, Martin filed an answer and cross-claims for foreclosure and fraudulent transfer. Martin alleged that he had a valid judgment lien for $121,423.31, that the underlying judgment was due and unpaid, and that the judgment lien had attached to the parcels. Martin alleged that all the other defendants named in the complaint have or may claim to have an interest in or lien on the parcels, but they were inferior and subsequent to his lien. He asked the court to find that his lien was a valid first statutory lien on the parcels and among other things, order that the lien be foreclosed. Martin also alleged Evergreen received property, including the parcels, from M&T in violation of provisions of R.C. Chapter 1336. Martin alleged he was damaged by the fraudulent transfer of the parcels and entitled to all remedies available under R.C. 1336.07.

{¶5}   Evergreen filed an answer to Martin's cross-claims. Timber View filed an answer to the complaint asserting, among other things, that it was the owner and holder of two mortgages which were the first and best lien on the parcels, subject to real estate taxes. Gemmell filed a notice of dismissal of his claim against Pennzoil and a motion for summary judgment requesting that the court find he had a valid first statutory lien on the parcels for $495,741.44, plus 4% interest from August 29, 2019, order that his lien be foreclosed and the parcels be sold, and determine the priority of any other liens. Martin also filed a motion for summary judgment requesting that the court find that he had a valid first statutory lien on the parcels for $121,324.31, plus interest at the statutory rate from March 21, 2018, order that the lien be foreclosed and the parcels be sold, and determine the priority of any other liens.  Evergreen and Timber View opposed the motions.

{¶6}   On March 3, 2022, the court issued a "Judgment Entry" on Gemmell's summary judgment motion. The court found Gemmell had a valid statutory lien on the parcels for $495,741.44, plus interest at 4% from August 29, 2019, stated that the judgment lien was foreclosed, and ordered that the parcels be sold in accordance with law and the court's orders.  The court also stated it "will determine the priority of the other liens," and "[t]his is a final appealable order, there is no just reason for delay."

{¶7}   On March 18, 2022, the court issued a "Judgment Entry" on Martin's summary judgment motion. The court found Martin had a valid statutory lien on the parcels for $121,324.31, plus interest at 4% from March 21, 2018, stated that the judgment lien was foreclosed, and ordered that the parcels be sold in accordance with law and the court's orders. The court also stated it "will determine the priority of all liens" and that "[t]his is a final appealable order, there is no just reason for delay."

{¶8}  On March 24, 2022, Gemmell moved for a default judgment against Kilbarger and GE.  Then on March 28, 2022, the trial court issued a "Judgment Entry and Decree in Foreclosure."  The trial court found Kilbarger and GE were in default and were forever barred from asserting any right, title or interest in and to the parcels. The court incorporated by reference the March 3, 2022 Judgment Entry and stated that the entry found Gemmell had a valid and enforceable lien on the parcels for $495,741.44, plus costs and interest at 4% from August 29, 2019. The court then stated that it "will further determine the priority of the other liens after the sale of the Property." The court found that the treasurer had a "valid and subsisting lien" for "taxes, accrued taxes, assessments and penalties" on the parcels and that the exact amount was not ascertainable at the present time but would be ascertainable under R.C. 323.47. The court found that Evergreen, Timber View, and Martin "have filed an answer claiming an interest in the Property." The court stated that

> such interest, if any, of these Defendants shall be determined by the Court and shall transfer to the proceeds of the sale of the Property, after court costs and real estate taxes are satisfied, and all parties who have filed an answer claiming an interest in the Property shall have the right to seek payment from the proceeds of the sale of the Property upon proving a valid lien or interest in the same.  Such interest, if any, shall be released from the title to the Property upon confirmation of the sale to ensure that the buyer obtains title to the Property free and clear of all liens and interests.

{¶9}  The court ordered that unless the sums found due to Gemmell, plus the costs of the action, were paid within three days from the date of the entry of its decree, the equity of redemption in the property would be foreclosed, and the property would be sold free and clear of all interests of all parties to the action.  The court ordered that upon confirmation of sale, the sheriff first pay from the sale proceeds the clerk for the costs of the action, including appraiser fees, and next pay the treasurer for "real estate taxes, assessments, interest and penalties due and payable on the Property."  The court ordered

the sheriff to deposit the balance of the proceeds with the clerk "pending further order of the Court." The court found "there is no just reason for delay."

**{¶10}** Evergreen and Timber View filed a notice of appeal from the March 3, 2022 Judgment Entry, the March 18, 2022 Judgment Entry, and the March 28, 2022 Judgment Entry and Decree in Foreclosure.

## II.  ASSIGNMENTS OF ERROR

**{¶11}** Evergreen and Timber View present three assignments of error:

Assignment of Error I:  The trial court erred in granting summary judgment, entering a decree in foreclosure, and ordering an execution sale of Evergreen's real property based upon the 2018 certificates of judgment held by Gemmell and Martin.

Assignment of Error II:  The trial court erred in rendering judgments adverse to Timber View's mortgage interest as service of process had not been perfected upon Timber View.

Assignment of Error III:  The trial court erred by entering a decree of foreclosure and order of sale of Evergreen's property without first adjudicating the parties' respective interests and priorities in the property.

## III.  LAW AND ANALYSIS

**{¶12}** Before we address the merits of this appeal, we must decide whether we have jurisdiction to do so. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." Ohio Const., art. IV, § 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 2015-Ohio-4246, ¶ 8 (4th Dist.). "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.*

### A.  R.C. 2505.02 and Civ.R. 54(B)

{¶13} Generally, an order must meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. When this appeal was filed, R.C. 2505.02(B) stated:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
>
> (5) An order that determines that an action may or may not be maintained as a class action;
>
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly . . . or any changes made by Sub. S.B. 80 of the 125th general assembly . . .;
>
> (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

2013 H.B. 59 (Eff. Sept. 29, 2013).

{¶14} The statute was amended, effective October 24, 2024, to add an eighth category of final orders: "An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of

any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs." R.C. 2505.02(B)(8). The statute was further amended, effective April 9, 2025, to add a ninth category of final orders: "An order that denies a motion for expedited relief pursuant to section 2747.04 of the Revised Code." R.C. 2505.02(B)(9).

{¶15} "Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order." *Clifton*, 2015-Ohio-4246, at ¶ 10 (4th Dist.). Civ.R. 54(B) states:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Clifton* at ¶ 10. The purposes of Civ.R. 54(B) are "'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' . . ., as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal . . . ." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186 (1977), quoting *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160 (1977).

B. Foreclosure Actions

**{¶16}** The Supreme Court of Ohio has explained that "[f]oreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 18 ("*Sponaugle*"), citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39 ("*Roznowski*"). The order of foreclosure "determines that damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages." *Roznowski* at ¶ 24. "The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Sponaugle* at ¶ 18, citing *Roznowski* at ¶ 39, and R.C. 2323.07. "Liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale." *Roznowski* at ¶ 25. "On appeal, parties may challenge the court's decision to grant the decree of foreclosure." *Sponaugle* at ¶ 18, citing *Roznowski* at ¶ 39. "Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged." *Id.*, citing *Roznowski* at ¶ 39.

**{¶17}** "The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law." *Sponaugle* at ¶ 19, citing *Roznowski* at ¶ 40. The confirmation of sale "sets forth the specific damage amount and distributes the funds accordingly." *Roznowski* at ¶ 24. "If the trial court, after examining the proceedings, finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds." *Sponaugle* at ¶ 19, citing R.C. 2329.31. "An appeal of the confirmation of sale is limited to challenging

the confirmation order itself and to issues related to confirmation proceedings . . . ." *Id.*, citing *Roznowski* at ¶ 40.

## C. Analysis

**{¶18}** None of the entries being appealed constitutes a final, appealable order. Again, under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 8, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). The entries being appealed do not satisfy this standard. The entries do not resolve Gemmell's fraudulent transfer claim or Martin's fraudulent transfer cross-claim. They also do not resolve the first stage of Gemmell's foreclosure claim or Martin's foreclosure cross-claim because as explained below, they do not determine the extent of each lienholder's interest, set out the priority of the liens, and determine the other rights and responsibilities of each party.

**{¶19}** The March 3, 2022 entry determined only the extent of Gemmell's interest in the parcels. The March 18, 2022 entry determined only the extent of Martin's interest in the parcels. In the March 28, 2022 entry, the court found Kilbarger and GE were forever barred from asserting any right, title or interest in and to the parcels. The court also determined the extent and priority of the treasurer's interest. The court incorporated its March 3, 2022 entry and purported to restate its finding regarding the extent of Gemmell's interest, though the March 28, 2022 entry stated that his lien included costs and the March 3, 2022 entry did not mention costs. The March 28, 2022 entry did not incorporate the

March 18, 2022 entry and suggested the extent of Martin's interest remained undecided. But even if we disregard that suggestion and treat Martin's interest as being nonetheless decided by the March 18, 2022 entry, the court acknowledged that Evergreen and Timber View had filed answers claiming an interest in the property and indicated the court would determine what interest, if any, they had later. The court also acknowledged it had not determined the priority of all liens. In addition, the court did not address the rights or responsibilities of Pennzoil. Although Gemmell voluntarily dismissed his claim against Pennzoil, the dismissal occurred after Martin named Pennzoil as a defendant in his foreclosure cross-claim. "It is well established in Ohio that a dismissal of a plaintiff's claim under [Civ.R. 41] does not operate to extinguish a proper and validly asserted . . . cross claim filed before the dismissal of plaintiff's claim, and that such . . . cross claim remains pending for independent adjudication regardless of the plaintiff's dismissal of his complaint." *Forest City Palevsky Corp. v. Webster*, 1976 WL 190716, *2 (Jan. 22, 1976 8th Dist.).[2]

**{¶20}** The entries also do not constitute final orders under any other provision of R.C. 2505.02(B), regardless whether we apply the current version of the statute or the version in effect when the notice of appeal was filed. R.C. 2505.02(B)(2) does not apply because a foreclosure action is not a special proceeding, *U.S. Bank, N.A. v. Denen*, 2015-Ohio-5070, ¶ 16 (11th Dist.), and the entries do not involve a summary application in an

---

[2] We observe that Martin also named the taxation department as a defendant in his foreclosure cross-claim. However, that cross-claim was essentially a nullity as to the taxation department because he filed it after the taxation department admitted it had no interest in the parcels, and the trial court dismissed it from the matter. *See generally* Civ.R. 13(G) ("A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action"); *Graham-Johnson v. Albany*, 2021 WL 1614763, *7 (N.D.NY Apr. 26, 2021) (explaining that under Fed.R.Civ.P. 13(g), which is similar to Civ.R. 13(G), a cross-claim may only be asserted between co-parties, and because an individual had been dismissed as a defendant at the time cross-claims were filed against him, they were, "in essence, nullities" and dismissed).

action after judgment. R.C. 2505.02(B)(3) does not apply because the entries do not vacate or set aside a judgment or grant a new trial. R.C. 2505.02(B)(4) does not apply because the entries do not grant or deny a provisional remedy. *See* R.C. 2505.02(A)(3) ("'Provisional remedy' means a proceeding ancillary to an action . . ."). R.C. 2505.02(B)(5) though R.C. 2505.02(B)(7) do not apply because the entries do not determine that an action may or may not be maintained as a class action, do not determine the constitutionality of a statutorily specified change to the Revised Code, or constitute orders in an appropriation proceeding. R.C. 2505.02(B)(8) does not apply because the entries do not restrain or restrict enforcement of a state statute or regulation. R.C. 2505.02(B)(9) does not apply because none of the entries deny a motion for expedited relief pursuant to R.C. 2747.04.

{¶21} We acknowledge two of the entries at issue state they are final, appealable orders, and all three entries contain Civ.R. 54(B) language. However, "'appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order.'" *Chilli Assocs. Ltd. Partnership v. Denti Restaurants Inc.*, 2022-Ohio-848, ¶ 27 (4th Dist.), quoting *In re Estate of Adkins*, 2016-Ohio-5602, ¶ 5 (4th Dist.). Moreover, "the phrase 'no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano Corp.*, 44 Ohio St.3d 86. None of the entries being appealed in this matter constitute a final order under R.C. 2505.02, so the trial court's use of Civ.R. 54(B) language does not make those entries final, appealable orders. *Milton Banking Co. v. Adkins*, 2020-Ohio-1481, ¶ 14 (4th Dist.).

{¶22} Because no entry being appealed is a final, appealable order, we lack jurisdiction to address the merits of this appeal and dismiss it.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**