[Cite as *Weser v. Brunson*, 2026-Ohio-1980.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

MICHAEL WESER,                                  :

    Plaintiff-Appellee,                      :          Case No. 24CA37

    v.                                              :

GLORIA BRUNSON, ET AL.,            :          DECISION AND JUDGMENT
                                                    :          ENTRY
    Defendants-Appellants.              :

_____

APPEARANCES:

Garry E. Hunter, Garry E. Hunter Law Office, Inc., LPA, Athens, Ohio, for
defendant-appellant Rodney E. Haines.

Robert R. Rittenhouse, Lavelle and Rittenhouse, LLC, Athens, Ohio, for
defendant-appellee Cheryl Haines, Trustee of the Haines Trust.

Michael L. Barr, Barr Law Office, L.L.C., Pomeroy, Ohio, for plaintiff-
appellee Millisa E. Myers, Executor for the Estate of Michael Weser,
Deceased.
_____

Smith, P.J.

{¶1} Rodney E. Haines ("Haines") appeals the November 15, 2024

Amended Entry of the Athens County Court of Common Pleas. This appeal

originates from a partition action filed in Athens County.  Haines asserts the following assignments of error:  (1) that the trial court erred by denying his motion for summary judgment filed on the basis of adverse possession; and (2) that the trial court erred when it allowed other parties to file elections to take property past an established deadline.  However, for the reasons which follow, the order Haines has appealed from is not a final appealable order. Thus, this court has no jurisdiction to consider the appeal.  Accordingly, the appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On October 8, 2020, plaintiff Michael Weser  ("Weser" or "plaintiff" ) filed a complaint for partition of real estate naming 23 defendants, the unknown heirs, next of kin, devisees, legatees, administrators, executors, successors and assigns of the defendants, and the Athens County Treasurer.  The real estate at issue consists of three tracts containing eight parcels.  A hunting cabin and a family cemetery, subject of some contention, are also located on the property.  For purposes of clarity, we will refer to this particular property, Parcel Number A04-0040040029-00, as "the 47.16-acre property." Weser asserted two claims:  (1) partition and (2) contribution.

{¶3} On November 4, 2020, the Athens County Treasurer filed an answer and crossclaim for taxes and assessments which "may not be computable at this time" as to the property described in the complaint.  The next defendant to appear in the action was Mildred I. Haines  ("Mildred") who filed an answer, counterclaim, and crossclaim of Mildred I. Haines. Paragraph Four states:

> Defendant Mildred I. Haines individually and Rodney E. Haines on behalf of Earl R. Haines deceased files a counterclaim against Plaintiff and a crossclaim against all of the Defendants listed in this complaint …for payment of their contributions to the taxes and improvements made by Defendant Mildred I. Haines Individually and Rodney E. Haines on behalf of Earl R. Haines deceased to be taken out of the sale of said properties and in the alternative Mildred I. Haines Individually and Rodney E. Haines on behalf of Earl R. Haines, deceased elects to take parcels parcel numbers A04-004700016-00, A04-00400030-00, and A04-00400029-00 at the appraised value minus the taxes and improvement expenses paid by Defendant Mildred I. Haines Individually and Rodney E. Haines on behalf of Earl R. Haines deceased.

 On December 10, 2020, Weser filed plaintiff's answer to Mildred's counterclaim and crossclaim. The record reflects that during 2021, various telephonic status conferences were held among the trial court and all counsel.

{¶4} On March 25, 2022 the trial court filed an entry granting Mildred permission to amend the original answer, counterclaim, and crossclaim to

add a cause of action for adverse possession. On April 14, 2022, subsequent to a status hearing, the trial court found that "[t]he fractional ownership interests as set forth in Plaintiff's Complaint for Partition of Real Estate filed on October 8, 2020, are accurate and not in dispute as to all parcels subject to litigation." On May 25, 2022, Weser filed plaintiff's answer to defendant Mildred Haines' amended counterclaim and crossclaim.

{¶5} On September 30, 2022, counsel filed a notice of appearance for defendant, The Haines Trust ("the Trust"). Counsel for the Trust also filed a motion for leave of court to file responsive pleadings, which the trial court granted. The Trust's answer to plaintiff's complaint for partition was filed on October 31, 2022, by and through its trustee Cheryl Haines ("the Trust"). At Paragraph 8, the Trust requested that the family cemetery be preserved by donating it to the township trustees or through a partition of the property to stay with the family. On the same date, the Trust also filed an answer to defendant Athens County Treasurer's crossclaim. The Trust also filed an answer to Mildred's amended counterclaim. At paragraphs 8 and 9, the Trust alleged that the defense of adverse possession was not properly pled.

{¶6} On November 16, 2022, the trial court filed its Judgment Entry Appointing Commissioners and Ordering Writ of Partition Pursuant to Ohio

Revised Code Sec. 5307, et seq.[1]  The entry appointed commissioners to view and examine the subject real property and divide the same into lots as may be the most advantageous and equitable.  In its entry, the trial court recognized the outstanding issue regarding the family cemetery.  The order further provided:

> If, in the opinion of the Commissioners, an equitable division is unable to be accomplished without manifest injury to the value of the property, then the Commissioners shall make return of the same with a just valuation of the value of the subject real property.
>
> Upon such a finding, the Commissioners shall assign a separate value to each and every separate parcel of real property subject to this matter, as each parcel has owners with different fractional interests.

{¶7} On April 4, 2023, plaintiff filed a praecipe requesting issuance of the Writ of Partition to the Sheriff of Athens County.  The writ contained legal descriptions of the three tracts and individual parcels.  The writ also listed the persons named and the proportions which they would receive.  The writ provided in its last paragraph as follows:

> But if the said Commissioners are of opinion that said premises cannot be divided according to the demand of this writ without manifest injury to its value, you cause them to make a just valuation of the same in money and of

---

[1] The entry was issued subsequent to a telephone conference.  The entry noted that all parties were represented by counsel and also present on the conference were Gloria Brunson and Nathan Haines, named defendants who had not entered a formal appearance and appeared pro se.  The record further reflects that on December 27, 2022, a notice of appearance was filed by Emma Jean Mollere, personally and as Trustee of the Emma Jean Mollere Trust.

this writ and your proceedings thereon and of the proceedings of the said Commissioners under this writ, you make return to our said Court forthwith.

{¶8} On July 27, 2023, the trial court filed its Journal Entry Providing Clarification to the Commissioner. At a status conference, the court and counsel had discussed a letter dated June 28, 2023 from one of the commissioners. The commissioners requested procedural guidance for the review and appraisal of the parcels. Pertinent herein, the court set forth the following in the clarification entry:

1. Should the Commissioner reach the conclusion that the properties cannot be physically partitioned, the Commissioner shall separately appraise each of the eight parcels.

2. In appraising each parcel, the Commissioner shall consider the property "as is." If there is no easement of record providing access to the parcel, the Commissioner should not make the assumption that there will be a future hypothetical easement granted to provide road frontage. The Court is aware that this will result in several parcels being appraised in a landlocked condition.

3. The Court is aware that there appears to be both a cemetery and a structure on Athens County Parcel No. A04-0040040029-00. The Commissioner shall prepare two separate appraisals for this parcel. The first shall be based on its "as is" condition, with there being both a cemetery and a structure on it. The second shall be based on the land alone (still subject to the cemetery), with no value being provided for the structure.

{¶9} On December 18, 2023, the Trust's notice of filing of the report of the commissioner and motion for a status conference was filed. The commissioner's report stated that the properties had been reviewed, researched, and examined in the fall of 2023. The appraiser stated that in his professional opinion, the properties could not be physically partitioned equitably between the owners without manifest injury to the properties' overall value.

{¶10} A telephonic status conference was held on March 5, 2024. On April 4, 2024, the trial court filed an entry noting that the appraisals had been performed. The trial court also summarized the issues, which we further streamline as follows:

1.  A cabin was built on one of the properties without the express approval of other interested parties, complicating the matter;

2.  The property may be purchased subject to the claim for unjust enrichment by the person who built and lives in the cabin;

3.  Further complicating the matter, the township trustees do not want to buy the property with the cemetery located on it so any purchaser takes subject to the cemetery and should contact an attorney to discuss the implications;

4.  An issue of offset for taxes paid may support a claim for unjust enrichment but will be determined at a later time after any elections are made; and,

5. A party to the lawsuit has passed and an executor will need to be appointed to substitute the estate as a party.

The court also stated:

The Court previously declared that May 12, 2024 be the deadline for any party to exercise any right of election they may have to purchase any of the parcels. The substitution of an estate for a party may complicate the timeline. However, Attorney Rittenhouse will submit a proposed order circulated among the parties setting forth the date of election agreed upon by the parties and any particulars thereto as well as the next telephonic status conference date. If an executor of the party's estate is not determined, or if that person requests additional time before elections are completed, the Court may extend that date for good cause shown.

{¶11} On April 22, 2024, Mildred filed a motion to continue the filing date for election to take property, claims to unjust enrichment and adverse possession. The trial court granted the motion to continue on May 6, 2024. The court's entry stated:

[I]t is hereby ORDERED that Defendant's motion is GRANTED and the filing date for the election to take property, claims as to unjust enrichment and adverse possession be extended from May 12, 2024 to July 12, 2024 or a date determined among the other parties in accordance with the Entry filed April 4, 2024 or by this Court.

On June 1, 2024, the attorney for plaintiff filed a suggestion of death and motion to substitute party pursuant to Ohio Civil Rule 25, informing that Michael Weser had died on March 7, 2024. On July 1, 2024, the trial court

filed an entry substituting Milissa E. Myers ("Myers" or "plaintiff") in her capacity as executor of the estate of Michael Weser, as plaintiff.

{¶12} On July 3, 2024, Mildred filed motion to substitute Rodney E. Haines ("Rodney"), her son, in her place as a defendant pursuant to Ohio Civil Rule 25. On July 12, 2024, the trial court granted the motion. Also, on July 12, 2024, Rodney filed a motion captioned "Motion for Summary Judgment on Adverse Possession, Unjust Enrichment or if Summary Judgment is Denied, For the Approval of Election to Take Property Minus Any Deductions the Court Deems Appropriate Which Has Been Filed Separately."

{¶13} On the same date as his other filings, Rodney filed an "Election of Co-Tenant to Take at Appraised Value." Rodney specified that he elected to take a 47.16 acre property, Parcel Number A04-004-00029-00, at the appraised value of $275,000.00, minus the appraised value of the cabin he constructed on the property, the value of the proportionate interest, the real estate taxes he paid for others, additional improvements he made to the property, and any other credit the court would deem appropriate to be awarded him. On August 16, 2024, plaintiff and the Trust filed a joint memorandum in opposition to Rodney's motion for summary judgment,

adverse possession, unjust enrichment.  On September 16, 2024, Rodney filed a reply to the joint memorandum.

{¶14} On September 25, 2024, plaintiff filed an election to take the entirety of the estate, subject of the litigation, at the appraised value as established by the commissioner.  On the same date, the Trust filed an election to purchase the same parcel as Rodney had elected, the 47.16 acre tract with the cabin and cemetery located on it, Parcel Number A04-00400029-00.  On September 27, 2024, the Trust filed a notice of filing of an affidavit offered to supplement the joint memorandum in opposition to Rodney's motion for summary judgment, adverse possession, unjust enrichment.  The purpose of the affidavit was to demonstrate that genuine issues of material fact existed to prevent judgment in favor of Rodney on his claim for adverse possession.  The Trust also gave notice of filing of a Memorandum of Trust.  The Trust indicated that the purpose of giving notice of the filing was to eliminate an issue raised by Rodney concerning Cheryl's standing in the case.

{¶15} On September 30, 2024, the trial court filed its decision on Rodney's motion for summary judgment.[2]  The trial court found as follows:

---

[2] The opening briefs have recognized that the court's entry erroneously referred to "Robert" Haines instead of "Rodney."  It appears these are simply clerical mistakes.  In our recitation, we have corrected the mistakes where bracketed.

Defendant [Rodney] Haines has entered the case as a substituted party for Mildred Haines by virtue of a quit claim deed granted from Mildred to [Rodney] Haines (See 7/12/24 Entry). As the joint memorandum in opposition argues, Rodney Haines has not asserted an individual claim for adverse possession or unjust enrichment, this creates some doubt whether Defendant [Rodney] Haines has standing to raise the issue. Further, Mildred Haines did not make such an assertion for adverse possession which might allow Defendant [Rodney] Haines to "step into her shoes" and advance.

Additionally, the Estate of Earl Haines was summarily opened and closed wherein Defendant [Rodney] Haines now asserts he was representing that interest. However, any property interests of Earl (husband) passed to Mildred (wife) upon Earl's passing, and the estate has been closed so there is no estate interest of Earl's to assert.

Additionally, although Defendant [Rodney]Haines may have argument for unjust enrichment for the property improvements he made (including the cabin) , the remaining parties may have a counter argument that they are entitled to rent for the period he was using the property. And there is conflicting information provided about who paid what taxes and to whose fractional interests they were applied. Therefore, the Court concludes it would be too speculative to issue a preliminary ruling estimating an unjust enrichment amount Defendant [Rodney] Haines might receive under these circumstances.

Therefore, the Court finds Defendant [Rodney] E. Hines' [sic] motions for summary judgment on the issues of adverse possession and unjust enrichment not to be well taken. Accordingly, the Court denies Defendant Rodney E. Haines' motion for summary judgment on the issues of adverse possession and unjust enrichment. The Court also declines to speculate what amounts Defendant might receive under the circumstances described above.

On September 30, 2024, the trial court filed a separate entry on Rodney's election, approving the election, minus any deductions the court deemed appropriate "should the unjust enrichment claim be substantiated along with any other deductions found to be appropriate."

{¶16} On October 1, 2024, Rodney filed an objection to the elections of plaintiff Myers, and The Trust.  Rodney asserted that the above parties failed to file the elections within the time frame designated by the trial court and that, consequently, the elections unduly prejudiced him.  On October 3, 2024, the Trust filed a memorandum in opposition to Rodney's objection.

{¶17} On October 31, 2024, the trial court filed a decision and judgment entry on the following motions:

1.   Election of Co-Tenant to take at Appraised Value
     (the 47.16 are tract);

2.  Defendant the Haines Trust Notice of Election to take
    Property at Appraised Value (the 47.16 acre tract);

3.  Plaintiff's Election to take Estate at Appraised Value
    (all parcels); and,

4.  Defendant Rodney Haines Motion Objecting to the
    Elections to take Real Property filed by Plaintiff,
    Millissa E. Myers, executor of the estate of Michael
    Weser and Defendant, the Haines Trust, Cheryl
    Haines Trustee.

The substance of the decision was that Rodney's objections were found not well-taken. Further, the court found that the co-tenants' elections were competing and therefore the elections could not be fulfilled. The court concluded that all parcels *should be sold* and the proceeds distributed according to all parties' respective fractional interests. (Emphasis added.).

{¶18} On November 15, 2024, the trial court filed an Amended Entry. The court specified the entry was amended for several reasons:

1. To reflect the total appraised value of the parcels is $573,000;

2. To reflect that only elections for Parcel Number A04-00400029-00 are in conflict (the cabin and cemetery tract) and therefore that parcel should be sold;

3. To grant plaintiff Myers' election to purchase the remainder of the parcels at the appraised value (excluding the above parcel);

4. To add any claims of adverse possession not properly before the Court; and,

5. To add the final appealable order language, as a ruling on a party's election, sale or distribution is a final appealable order under *Mace v. Mace*, 2023-Ohio-2761, at ¶ 11.

The Amended Entry also stated that "[a]ll other findings and orders from the October 31, 2024 entry not in conflict with this amended entry remain unaffected." The October 31, 2024 Decision and Entry states at Page Six

that "all the parcels should be sold and the proceeds distributed according to all parties' respective interests."

{¶19} On November 22, 2024, Rodney E. Haines filed a motion for leave to file amended answer, counterclaim, and crossclaim adding his individual claims since the court granted the substitution of Rodney in place of Mildred as party defendant. The motion asserted, pursuant to Civ.R. 15 (B), that because all other parties were aware, for an extended period of time, of Rodney's claims for adverse possession and unjust enrichment, he should be afforded the opportunity to amend the pleadings to conform to the evidence.

{¶20} However, on December 13, 2024, Rodney filed a notice of appeal of the court's November 15, 2024 entry. Thus, on January 9, 2025, the trial court filed an Order Tabling Defendant Rodney E. Haines' Motion for Leave to File Amended Answer, Counterclaim, and Crossclaim and Staying Case. Given that Rodney had filed a notice of appeal, the trial court found it could take no further action on his motion for leave. The trial court further ordered "further proceedings in the case stayed until a decision is rendered by the court of appeals."

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED WHEN IT ISSUED
        A FINAL APPEALABLE ORDER WHICH NOT

ONLY DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON ADVERSE POSSESSION BUT ISSUED AN ORDER TO SELL THE PROPERTY VIA SHERIFF'S SALE WITHOUT FIRST HOLDING A HEARING AND THUS EXCEEDED THE PARAMETERS OF SUMMARY JUDGMENT PROCEDURE.

II.     THE TRIAL COURT ERRED WHEN IT ALLOWED ELECTIONS TO TAKE PROPERTY PAST A JULY 12, 2024 DEADLINE GIVEN THAT THE TRIAL COURT APPROVED DEFENDANTS/APPELLANTS' ELECTION AND THEN ISSUED AN ORDER CONTRARY TO THE APPROVAL WITHOUT ACKNOWLEDGING THE PREVIOUS ORDER.

Legal Analysis

{¶21} Before we address the merits of this appeal, we must decide whether we have jurisdiction to do so. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district ..." Ohio Const., art. IV, § 3(B)(2). " 'If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.' " *Gemmell v. Evergreen Site Holdings, Inc.,* 2025-Ohio-2258, at ¶ 12 (4th Dist.), quoting *Clifton v. Johnson,* 2015-Ohio-4246, ¶ 8 (4th Dist.). "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id*.

{¶22} Generally, an order must meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order. *See Evergreen, supra*, at ¶ 13; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Hack v. Keller*, 2015-Ohio-4128, at ¶ 11 (9th Dist.) (Citations omitted.) *See also* R.C. 2505.02(B)(1). "Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order." *Clifton,* 2015-Ohio-4246, at ¶ 10 (4th Dist.).

{¶23} Civ.R. 54(B) states:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Clifton* at ¶ 10. The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals'..., as well as to ensure that parties to such actions may know when an order or decree has become final for purposes of appeal ..." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186 (1977), quoting *Alexander v. Buckeye Pipeline Co.*, 49 Ohio St.2d 158, 160 (1977).

{¶24} Rodney has appealed the November 15, 2024, Amended Entry denying his motion for summary judgment on adverse possession and unjust enrichment. We begin by noting that " '[t]he denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal.' " *Newman v. Jones,* 2020-Ohio-374, at ¶ 8 (4th Dist.), quoting *Stevens v. Ackman,* 2001-Ohio-249, citing *Celebrezze v. Netzley,* 51 Ohio St.3d 89, 90 (1990) and *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23 (1966). And, a final order is one disposing of the whole case or some separate and distinct branch thereof. *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989). " 'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable

order.' " *State ex rel. Keith v. McMonagle*, 2004-Ohio-5580, at ¶ 4, quoting *Bell v. Horton,* 142 Ohio App.3d 694, 696 (2001).

{¶25} However, we also note that "[p]artition orders have been recognized as final, appealable orders as contemplated by R.C. 2505.02(B)(1)." *See Keller, supra. See also Mitchell v. Crain,* 108 Ohio App. 143, 149 (6th Dist.1958) ("[F]inal orders from which appeals may be had in partition are limited to the order of partition and the order confirming the sale."); *Rose v. Rose*, 194 N.E.2d 870, 872 (7th Dist.1963); *Mace v. Mace*, 023-Ohio-2761, at ¶ 11 (4th Dist.). We wholeheartedly agree with the Ninth District's observation that case law can be "unclear as to what constitutes a final partition order" subject to appeal. *Hack* at ¶ 11, fn. 1.

{¶26} *In Stephan v. Wacaster,* 2023-Ohio-4566, the Fifth District concluded that an appeal of a partition ruling must be dismissed for lack of an appealable order. Stephan's complaint contained causes of action for (1) a writ of partition and (2) an accounting of rental income Wacaster had received from the property. The appellate court had previously dismissed Wacaster's appeal from the trial court's November 2022 entry of partial summary judgment finding Stephan entitled to partition. The appellate court noted that the accounting claim remained pending, the court's ruling

explicitly contemplated further proceedings, and the partial summary judgment entry lacked Civ.R. 54(B) certification.

{¶27} In its 2023 published decision, the appellate court found that the same situation continued to exist. The only change was the trial court's issuance of an April 2, 2023 writ of partition. The appellate court found, however, that the writ did not transform the partial summary judgment ruling into an appealable order absent Civ.R. 54(B) certification.

{¶28} "Where a case involves multiple claims or multiple parties, Civ.R. 54(B) allows a trial court to issue a final judgment that can immediately be appealed 'only upon an express determination that there is no just reason for delay.' " *Stephan, supra,* at ¶ 17, quoting *Hack* at ¶ 12. " 'Ohio courts addressing the finality of partition orders where other claims remain pending have held that, in the absence of the requisite Civ.R. 54(B) certification, there is no final, appealable order.' " *Stephan*, at ¶ 17, quoting *Hack* at ¶ 13. *See e.g., Whipps v. Ryan*, 2013-Ohio-4334, ¶ 31 (10th Dist.), (dismissing appeal where, even assuming resolution of the partition complaint, a crossclaim remained pending). The Fifth District noted that Stephan's cause of action for an accounting remained unresolved. Because the claim was still pending, the trial court's writ of partition was not appealable absent Civ.R. 54(B) certification. Based on the reasoning set

forth above, the Fifth District concluded that the trial court's partial summary judgment ruling, and its writ of partition were interlocutory and not appealable.

{¶29} In this case, the order Rodney appeals is not styled as a partition order or an order confirming sale. In the Amended Entry, the trial court overrules Rodney's claim for adverse possession. Upon our de novo review in this matter, we have made the following observations:

1. Rodney's motion is captioned: "Motion for Summary Judgment on Adverse Possession, Unjust Enrichment or if Summary Judgment is Denied for the Approval of Election to Take Property Minus Any Deductions the Court Deems Appropriate Which Has Been Filed Separately.

2. In the motion's Memorandum, Statement of Facts, Rodney asserts that he has a vested and fractional interest in three parcels, including the 47.16 acre parcel which includes the cabin and cemetery.

3. In the motion at Page 10, Rodney asserts that since the 1980's, his father, now deceased, and he had spent their own money, along with "blood, sweat, and tears," into maintaining not only the parcels their family has a fractional interest in "but of the other parcels contained in this partition action."

Although the motion for summary judgment specifies three particular parcels in which he has a fractional interest, the motion also appears to request a finding that Rodney has adversely possessed *all* eight parcels subject of the partition action. In that sense, the order denying his claim for

adverse possession appears to dispose of a separate and distinct branch of the entire case.

{¶30} However, the court's Amended Entry, (as did the referenced Decision and Entry), also states that the 47.16 acre tract *should* be sold. The entry indicates that due to Rodney's claim for reimbursement of taxes, and offset for improvements or contributions, proceeds shall be deposited with the court and held in escrow. The entry states that the court will have to decide if those monies should be offset by the sale proceeds. And, at this juncture, Athens County's crossclaim for taxes, along with plaintiff's claim for contribution, remain pending.

{¶31} We acknowledge that the Amended Entry states it is a final, appealable order and contains the Civ.R. 54(B) language. And we also acknowledge that it is possible that the *Stephan* case, despite its similarities, was determined, largely, based on the lack of the Civ.R. 54(B) language. Even so, merely reciting the "no just reason for delay" language or asserting that an order is final and appealable cannot transform an otherwise non-final order into one that is final and appealable. "[T]he phrase 'no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano Corp.,* 44 Ohio St.3d 86. The trial

court's use of Civ.R. 54(B) language does not turn an otherwise non-final order into a final appealable order. *See Noble v. Colwell*, 44 Ohio St.3d 92 (1980). Moreover, " 'appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order.' " *Chilli Assocs. Ltd. Partnership v. Denti Restaurants Inc.,* 2022-Ohio-848, ¶ 27 (4th Dist.), quoting *In re Estate of Adkins,* 2016-Ohio-5602, ¶ 5 (4th Dist.).

{¶32} This is a partition action. The appealed-from entry is not captioned and does not appear to be a partition order. While the Amended Entry states that the 47.16 acre property "should" be sold, prior to the appeal procedural steps remain to be taken.[3]

{¶33} *In Hendrix v. Hendrix,* 1979 WL 208264, (1st Dist.), the appellate court found no final order. In that case, the partition suit under R.C. Chapter 5307 had progressed through the judgment entry whereby three freeholders were appointed as commissioners to partition the 263-acre farm, subject of the suit. The writ of partition had issued, and the commissioners had reported that in their opinion, the farm could not be divided without manifest injury to its value. The notice of appeal was filed

---

[3] We view the court's use of the word "shall" in the order as merely precatory. *See In re M.O.*, 2011-Ohio-2011, at ¶ 15 (4th Dist.), discussing "precatory" as opposed to "mandatory" language (in the context of analysis of R.C. 2151.412(G) within a juvenile court proceeding).

on the same day the commissioner's return was filed.  No other action of any nature had been taken.  The appellate court wrote:  "The trial court has not considered the return, much less approved it.  The next procedural step would have been the court's action on the return."  The court further noted that "while the determinations already made by the trial court…under R.C. 5307.08, affect substantial rights in the view of the appellants, their rights have not been fixed with finality.  The order of partition and the return of the commissioners do not determine the action and prevent a judgment.  An order must have those effects before it is a final appealable order under R.C. 2505.02."  *Id*.

{¶34} Similarly, while Rodney's claim may affect a substantial right, his right has not been fixed with finality.  There are procedural steps left to take.  For example, the trial court's April 4, 2024 entry contemplated that the issue of offset for taxes paid would be determined after any elections were made.  Rodney's (July 12, 2024) motion for summary judgment was captioned in the alternative that if denied, "For the Approval of Election to Take Property Minus Any Deductions…"  On September 25, plaintiff filed an election to take the entire estate, and the Trust filed an election to purchase the same parcel as Rodney had elected.

{¶35} Although on September 30, 2024, the trial court approved Rodney's election minus any deductions, the trial court filed the Amended Entry on November 15, 2024, noting that Rodney and the Trust's elections for the cabin and cemetery tract were in conflict and that the parcel "should be sold."  Before the trial court could act on Rodney's motion for leave to file an amended answer, counterclaim and crossclaim adding his individual claims, pursuant to Civ.R. 15(B), Rodney appealed.  To date, we cannot find evidence that the property has actually been ordered to be sold.

{¶36} Based on the foregoing, we find that the Amended Entry being appealed in this matter does not constitute a final order under R.C. 2505.02. The trial court's use of Civ.R. 54(B) language does not make the Amended Entry final and appealable.  *See Milton Banking Co. v. Adkins*, 2020-Ohio-1481, ¶ 14 (4th Dist.).  Accordingly, we are without jurisdiction to consider the appeal.  It is hereby dismissed.

**APPEAL DISMISSED.**

# JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to appellant Rodney Haines.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.


For the Court,


_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**